UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JENNIFER NELSON,                                                    CIVIL NO. 14-3825 (PJS/JSM)

      Plaintiff,                                                              REPORT AND RECOMMENDATION

v.

BANK OF AMERICA, N.A.,

      Defendant.

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order [Docket No. 8]. Jennifer Nelson appeared pro se. Mark Schroeder, Esq., appeared on behalf of defendant.

The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I.   FACTUAL BACKGROUND**

The facts as alleged by plaintiff are as follows:

On June 9, 2009, plaintiff took out a loan in the amount of $181,623 from Advanced Financial Services, Inc. ("AFS"), which was secured by a Mortgage on plaintiff's home in St. Paul, Minnesota. Amended Complaint ("Am. Compl."), ¶ 8 [Docket No. 7]; Affidavit of Keith S. Anderson ("Anderson Aff."), Ex. A (Note) [Docket No. 22]; Anderson Aff., Ex. B (Mortgage). AFS later assigned the Mortgage to defendant Bank of America, N.A. Am. Compl., ¶ 8.

In 2010, plaintiff was unable to make the required loan payments. Id., ¶ 9. Consequently, plaintiff entered into a Special Forbearance Agreement with defendant, in which she agreed to pay the past-due amounts. Id., ¶ 9; Ex. B (Special Forbearance

Agreement).  Plaintiff made the required payments under the Special Forbearance Agreement, and, on March 2, 2011, plaintiff received a Notice stating that she was "up to date and current" on her home loan payments.  Id., ¶ 9; Ex. E (Notice dated March 2, 2011).

After receiving this Notice, plaintiff continued to make her regular payments.  Id., ¶ 9.  In August or September of 2011, defendant informed plaintiff that it was accelerating her loan payments.  Id., Ex. C (September 12, 2011 letter referencing Notice of Intent of Acceleration letter received by plaintiff on August 29, 2011); Ex. F (September 12, 2011 letter).  At some point, plaintiff applied for a home loan modification, but it was rejected for failure to submit all necessary documentation.  Id., ¶ 9; Ex G. (Letter from Paul Karnafel to Curtis K. Walker, dated August 31, 2013).

During 2014, plaintiff applied several more times for a loan modification.  Id., ¶¶ 22, 24.  At various times in 2014, plaintiff was informed that her loan was in the foreclosure process.  Id., ¶ 24; Ex. I (Letter from Frank Bianconi to Jennifer Nelson, dated July 1, 2014).  To date, no foreclosure sale had been scheduled.

Plaintiff filed the instant motion for a temporary restraining order on October 30, 2014.  Plaintiff sought to enjoin defendant from "moving forward with any foreclosure activities throughout the duration of this case."  Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order, p. 3 [Docket No. 9].

In response, defendant argued that plaintiff's motion was moot because no foreclosure sale has been scheduled.  Defendant's Response to Plaintiff's Motion for a Temporary Restraining Order [Docket No. 25].

At the hearing on the motion, defendant's counsel represented on the record that defendant would not take any steps to foreclose on plaintiff's property during the pendency of this litigation. Counsel also represented that defendant would not take any steps to evict plaintiff from her property until this case is completed.

## II.     DISCUSSION

"When evaluating whether to issue a preliminary injunction,[1] a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest."  Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).  "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1222 (8th Cir. 1986), cert. denied, 479 U.S. 1070 (1987) (citation omitted).  Such injunctive relief is an extraordinary remedy and the movant has the burden of establishing the propriety of an injunction.  See Roudachevski, 648 F.3d at 705 (citing Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003)).  The burden is especially heavy where, as in this case, the moving party seeks not to maintain the

---

[1]     Courts in the Eighth Circuit apply the same standards to a request for a preliminary injunction and temporary restraining order.  See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project, 877 F.2d 707, 708 (8th Cir.1989) (affirming the district court's application of the Dataphase factors to a motion for a temporary restraining order); Jackson v. Nat'l Football League, 802 F. Supp. 226, 229 (D. Minn. 1992) (concluding that the Dataphase factors apply to requests for temporary restraining orders and preliminary injunctions) (citations omitted).

status quo, but to obtain relief similar to that which it could obtain after a trial on the merits. See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993) (citation omitted).

"'In order to invoke the jurisdiction of the federal courts, the parties must demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution.'" Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 789-90 (8th Cir. 2004) (quoting Iron Cloud v. Sullivan, 984 F.2d 241, 242 (8th Cir. 1993)); see also Ringo v. Lombardi, 677 F.3d 793, 796 (8th Cir. 2012) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.") (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Ringo v. Lombardi, 677 F.3d 793, 796 (8th Cir. 2012) (quoting Preiser, 422 U.S. at 401); Gilbert v. Nix, 990 F.3d 1044, 1046 (8th Cir. 1993) (same).

"'When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or change in circumstances ... and a federal court can no longer grant effective relief, the case is considered moot' and cannot be heard by a court."  Life Investors Ins. Co. of Am. v. Fed. City Region, Inc., 687 F.3d 1117, 1121 (8th Cir. 2012) (quoting Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005)); see also Ringo, 677 F.3d at 796 ("When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it.") (quoting Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994).

4

In this case, defendant stated in its responsive brief, as well as on the record at the hearing on the motion, that it would not take steps to foreclose on plaintiff's home or evict her from it during the pendency of this lawsuit. Based upon defendant's written and oral representations, the Court concludes that there is no ongoing or future action by defendant for this Court to enjoin. Accordingly, plaintiff's motion should be denied as moot.

## III.   RECOMMENDATION

For the reasons stated above, it is hereby RECOMMENDED that

Plaintiff's Motion for Temporary Restraining Order [Docket No. 8] be **DENIED** as moot.


Dated:       March 12, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 26, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.